1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9  MOHAMMED SIDDIQUI,

10                                    Plaintiff,

11        v.

12  UNIVERSITY OF WASHINGTON, a State
    agency, DAVID ANDERSON, an
13  individual, and KEITH VOGEL, an
    individual,
14
                                      Defendants.
15

No.

VERIFICATION OF COUNSEL

16        I, Jayne L. Freeman, state and verify as follows:

17        1.      I am an attorney with the law firm of Keating, Bucklin & McCormack, Inc.

18  P.S., and counsel for Defendants University of Washington, David Anderson and Keith

19  Vogel.   I have personal knowledge of the facts set forth in this verification and am

20  otherwise competent to testify to the matters set forth herein.

21        2.      I verify that I reviewed the King County Superior Court docket for cause

22  number 14-2-06107-2 SEA and that the following exhibits A-G attached hereto are true and

23  correct copies of all the records and proceedings that have been filed with the Clerk of the

24  King County Superior Court in this matter:

25        Exhibit A:      Complaint

26        Exhibit B:      Order Setting Case Schedule

27        Exhibit C:      Case Information Cover Sheet

VERIFICATION OF COUNSEL - 1

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Exhibit D:    Siddiqui's First Amended Complaint:   Job Discrimination and Violation of Constitutional Rights

Exhibit E:    Amended Notice of Appearance For Defendants University of Washington, David Anderson and Keith Vogel

Exhibit F:    Acceptance of Service

Exhibit G:    Notice of Filing Notice of Removal

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  March 10, 2014

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: _____

    Jayne L. Freeman, WSBA #24318
Special Assistant Attorney General for Defendants

800 Fifth Avenue, Suite 4141
Seattle, WA  98104-3175
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: jfreeman@kbmlawyers.com

VERIFICATION OF COUNSEL - 2

1010-018/87560.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Michael A. Jacobson
M. A. Jacobson, P.S., Inc.
119 First Avenue South, Suite 200
Seattle, WA  98104
Email:  mike@mikejacobsonlaw.com

DATED:  March 10, 2014

Jayne L. Freeman, WSBA #24318
Special Attorney General for Defendants
800 Fifth Avenue, Suite 4141
Seattle, WA  98104-3175
Phone: (206) 623-8861
Fax:     (206) 223-9423
Email: jfreeman@kbmlawyers.com

VERIFICATION OF COUNSEL - 3

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

EXHIBIT A

FEB 2 6 2014

RECEIVED

FEB 11 2014

ATTORNEY GENERAL OFFICE
SEATTLE

IN THE KING COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON

Mohammed Siddiqui,

                       Plaintiff,

vs.

University of Washington, a state agency,

                       Defendant,

David Anderson, in his individual and official capacity,

                       Defendant

No. 14-2-06107-2 SEA

COMPLAINT: JOB DISCRIMINATION AND VIOLATION OF CONSTITUTIONAL RIGHTS

Comes now plaintiff, Mohammed Siddiqui, by and through his counsel, who makes alleges as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff Mohammed Siddiqui ("Siddiqui") is a US citizen and resident of King County, Washington. He was employed by the State at all material times in its classified service, as comprehended by RCW 41.06.020 at University of Washington at their Washington-National Primate Research Center ("NPRC")

2. Defendant University of Washington ("UW") is a unit of state government created by RCW 28B.20, operating institutions of higher learning and scientific research headquartered in Seattle, King County, Washington. UW operates the National Primate Research Center from facilities within Seattle, King County, Washington. UW is an employer of eight or more individuals as comprehended by RCW 49.60.040. UW is an agency of State government as comprehended by RCW 51.06.020(2) and subject to the civil service requirements set forth in RCW 41.06.

3. Defendant David Anderson is UW's Executive Director of Health Sciences Adminsitration

MICHAEL A. JACOBSON
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH • SEATTLE, WA 98104
PHONE (206) 447-1660 • FAX (206) 447-1523

1  and Director of the Washington National Primate Research Center.  (NPRC)

2  4.   Siddiqui executed on April 3 2013 and delivered to the Washington State Risk Management

3  Division a Standard Tort Claim Form SF 210.   Siddiqui has exhausted administrative

4  remedies..   The acts complained of occurred in King County Washington.  The University is

5  subject to this Court's jurisdiction.  Venue is proper in King County pursuant to RCW 4.12.025.

6  ## II. FACTS AND CIRCUMSTANCES

7  *The following factual allegations are not intended as exhaustive, but are written solely to*

8  *provide notice to the defendant of the general nature of the claims against it.*

9  5.   Plaintiff is an ethnic Indian and of Indian origin and birth and his age is June 16, 1949.

10  Siddiqui was hired by UW in May, 1991.  He progressed over the course of the next 21 years to

11  the level of class 3 veterinary specialist.  Siddiqui's assignment was to maintain animals housed

12  at UW's Washington National Primate Research Center ("NPRC");  support all surgical and

13  non-invasive scientific research projects or other clinical care of the animals; maintain

14  equipment, and collect samples.   Siddiqui met or exceeded the employer's expectations.

15  6.   Siddiqui was disadvantaged in comparison with whiter, younger, and ethnically North

16  American NPRC coworkers in his reduced work hours, reduced retention, reduced training,

17  excessive penal sanctions, reduced civil service protections, and reduced representation.

18  7.   On 29 October 2012, research primate Z12336 was slow to awaken during the first 3 hours

19  after hernia surgery.   A surgical team composed of information technology personnel and

20  veterinary specialists, including Siddiqui,  working under the supervision of the staff veterinary

21  surgeon had combined that morning to sedate the patient with intra-muscular anesthetic, inhaled

22  anesthesi , and intramuscular analgesics.   An unlicensed technology officer had cut open,

23  surgically manipulated, then sewed up the patient.

24  8.   The staff veterinarian responsible for the animal's safety reported to defendant Anderson a

25  complaint against Siddiqui's conduct in the operating theater that day.

MICHAEL A. JACOBSON
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1580 ● FAX (206) 447-1523

9.   On the basis of information and belief acquired through public records disclosed in the fall of 2013, the accusation against Siddiqui asserted that he corruptly altered drug records so as to disguise his misconduct overdosing animal z12336.

10.   Such accusations were materially false and misleading.

11.   Such accusations are materially exaggerated in the sense that younger, caucasian and ethnically American employees have retained their job in spite of delivering lethal overdoses of drugs causing the deaths of test animals.

12   Upon information and belief the false and misleading accusations were relied upon by defendant Anderson in 2012

11.   A note was left for Siddiqui to find on 31 October asking him to visit the office and speak with the NPRC director David Anderson on the morning of 1 November 2012. Upon arrival, Anderson told Siddiqui we've decided to fire you for a a safety and integrity issue; I can't trust you. Or you can submit a resignation to avoid embarrassment.

12.   Siddiqui assured Anderson he had no idea what he was talking about but that he'd done nothing remotely like what was accused. Siddiqui said he needed to speak to a legal advisor to understand his options. Anderson responded that if Siddiqui left the room or consulted an advisor, an immediate termination would be effected.

13.   Director Anderson's directive prohibited Siddiqui's continued employment and offered instead alternative means of ending his civil service career;

14.   A 21-year employee in the classified civil service. The state code conferred a property interest in Siddiqui's continued employment

15.   WAC ** and A.R 43.16 provide Washington's tenured civil servants a pre-dismissal right to contest a proposed termination, with the assistance of an advisor of choice.

16  Anderson's directive to select alternative means of becoming unemployed did not furnish Siddiqui notice of the evidence relied upon to precipitate Siddiqui's unemployment.

MICHAEL A. JACOBSON
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

17   The option to become unemployed by resignation was conditioned upon Siddiqui surrendering his right to consult counsel or become educated about his legal options or become educated about the government evidence of wrongdoing or rebut it.

18   WAC 357-040 provides Washington's tenured civil servants with the right to written notice of dismissal charges. Anderson's directive to select from alternative means to become unemployed excluded written notice to Siddiqui of what safety or integrity accusations were made by whom on the basis of what data.

19   WAC 357-040 provides Washington tenured civil servants with the right to appeal termination in a contested hearing. Anderson's directive to select from alternative means to become unemployed excluded written or oral notice that dismissal would preserve Siddiqui's civil service appeal rights.

20.   Anderson's directive to choose among alternative means of becoming unemployed under time pressure disguised from Siddiqui exculpatory facts contained within the accuser's report of events occurring 29 October.

21 Furnished no meaningful option to remain employed, threatened with a permanent government record of stigmatizing accusations should he pursue legal redress, Siddiqui felt he had no choice but to resign.

22.   Director Anderson told him that a resignation must be delivered immediately, saying it is effective immediately; Siddiqui sent a message in that form.

23.   UW disadvantaged Siddiqui in comparison with younger and whiter and ethnically more American employees when stripping from Siddiqui his protections against deprivations of his government employment.

24.   After 70 days of reflection, Siddiqui notified UW administrators that his opportunity to contest the threatened dismissal action had been thwarted; that his resignation was coerced; and therefore it was withdrawn so as to re-start the formal process.

Siddiqui Complaint-4

MICHAEL A. JACOBSON
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

1   25.  Anderson responded, citing official policy of the University,  that UW refused to rescind or

2   permit withdrawal or cure the defects pointed out by Siddiqui.

3   ### III.  LEGAL THEORIES

4   **FIRST CLAIM: DEPRIVATION OF CONSTITUTIONAL RIGHTS**

5   26.  Defendant's actions violated Amendment XIV procedural due process in violations of 42

6   USC 1983, having deprived Siddiqui of presumptively continuing government employment

7   without furnishing a meaningful pre-dismissal opportunity to know and rebut the evidence

8   against him or discover the exculpatory evidence or secure an unbiased audience  connected

9   with the employer's unjustified accusations.

10   27.  Defendant Anderson deprived Siddiqui of his Amendment XIV property  without post-

11   termination due process in violation of 42 USC 1983.

12   28.    By standard procedure or official policy Defendant University of Washington ratified the

13   summary deprivations of Siddiqui's government  property in violation of constitutional rights in

14   spite of Siddiqui's protests and requests to restart the process.

15   29.   Defendant Andersons' actions under color of law in violation of 42 USC 1983 deliberately

16   penalized Siddiqui's First Amendment right to access legal counsel and the legal process to

17   redress matters of public concern involving government discrimination and unconstitutional

18   action.

19   30   Defendants acted  under color of law and pursuant to standard or official procedures, to

20   deprive Siddiqui of  14th Amendment Equal Protection of Laws.

21   31.  As a direct result  of Defendants' action, Siddiqui has been deprived of constitutional

22   rights, and experienced financial loss, job and career loss,  emotional pain, fear, and anxiety.

23   **SECOND CLAIM:  WASHINGTON LAW AGAINST DISCRIMINATION**

24   17.    Defendant furnished Siddiqui comparatively disadvantageous employment terms,

25   terminated his employment, and/or dictated employment terms which left Siddiqui no

Siddiqui Complaint-5

MICHAEL A. JACOBSON
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

meaningful opportunity to remain employed in violation of RCW 49.60.180 because of age,
ethnic heritage, and/or foreign origin.

18.     Defendants explicitly penalized Siddiqui's access to counsel and the legal process to protest unlawful conduct in violation of RCW 49.60.210.

19. The Defendants' unfair practices proximately caused damage to Siddiqui including without limitation: lost wages and fringes, financial loss, job and career loss, emotional pain, fear, and anxiety actual damage, garden variety emotional distress, and diminished earning capacity

## IV.     REQUEST FOR RELIEF

20.     Wherefore Plaintiff prays for relief, including:

a. The damages pled in the complaint;

b. for equitable relief, awarding to Siddiqui a 14th Amendment pre-dismissal hearing and, if necessary, a further 14th Amendment post-dismissal appeal hearing to adjudicate the deprivation of his rights; and an award of 42 USC 1988 reasonable counsel fees;

c. for equitable relief awarding to Siddiqui interim reinstatement    with restoration of status and all employment benefits plaintiff would have earned were it not for unconstitutionally biased or retaliatory conduct;

d. compensation for garden variety emotional distress, including pain, anxiety, and fear in amounts to be proven at trial.

e. for back pay, including fringes;

f. for actual damage;

g. for pre-judgment interest on liquidated amounts of loss;

h. for costs of suit, including copying and expert charges;

i. for reasonable counsel fees pursuant to RCW 49.60.030(2), RCW 49.48.030, 42 USC 1988; equity, statute, court rule, or common law;

j. for an award gross up to offset the added tax burden imposed upon prevailing plaintiff by, among other factors, bracket creep or construct trust or alternative minimum tax;

Siddiqui Complaint-6

MICHAEL A. JACOBSON
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

1

k.  for such further relief as the court deems just.

2

DATED this 16th day of January, 2014.

3

4

5

Michael A. Jacobson  Attorney for plaintiff, WSB#13135
Michael A Jacobson, PS Inc
119 - 1st Ave. S., #200
Seattle, Washington 98104
Tel. 206 447 1560; Fax 206 447 1523

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Siddiqui Complaint-7

IN THE KING COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON

| | |
|---|---|
| Mohammed Siddiqui, | No. 14-2-06107-2 SEA |
| Plaintiff, | |
| vs. | Summons |
| University of Washington, a state agency, | |
| Defendant, | |
| David Anderson, in his individual and official capacity, Defendant | |

TO:        DEFENDANT University of Washington
AND TO:   Defendant David Anderson

A lawsuit has been started against you in the above Court by PLAINTIFF. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this summons.

In order to defend against the lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20 days after the service of this Summons, or within 60 days if this Summons was served outside the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he or she asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file the lawsuit with the court. If you do so, the demand must be in writing and must be served upon the plaintiff. Within 14 days after the service of the demand, the plaintiff must file this lawsuit with the court or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any may be served on time.

This Summons is issued pursuant to Rule 4 of the Civil Rules.

DATED THIS 29 DAY OF ____, 2014

MICHAEL A. JACOBSON, WSBA #13135

MICHAEL A. JACOBSON

SUITE 200 MAYNARD BUILDING

119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104

PHONE (206) 447-1560 ● FAX (206) 447-1523

Siddiqui Complaint-8

# EXHIBIT B

FEB 26 2014

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| Mohammed Siddiqui | NO.   14-2-06107-2 SEA |
| Plaintiff(s), | ORDER SETTING CIVIL CASE SCHEDULE |
| vs. | |
| | ASSIGNED JUDGE: Spector, Julie, Dept. 3 |
| University of Washington, David Anderson, and Keith Vogel | FILED DATE: 2/25/2014 |
| Respondent(s) | TRIAL DATE: 4/20/2015 |
| | SCOMIS CODE: *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

_____

PRINT NAME                                        SIGN NAME

## I. NOTICES  (continued)

**NOTICE TO ALL PARTIES:**

All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**

A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**

A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**

When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**

*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**

A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration** fee. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**

All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 2/25/2014 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | 8/5/2014 |
| √ | DEADLINE to file Confirmation of Joinder if not subject to Arbitration. *[See KCLCR 4.2(a) and Notices on Page 2].* | 8/5/2014 |
| | DEADLINE for Hearing Motions to Change Case Assignment Area. [See *KCLCR 82(e)*] | 8/19/2014 |
| | DEADLINE for Disclosure of Possible Primary Witnesses [See *KCLCR 26(b)*]. | 11/17/2014 |
| | DEADLINE for Disclosure of Possible Additional Witnesses [See *KCLCR 26(b)*]. | 12/29/2014 |
| | DEADLINE for Jury Demand [See *KCLCR 38(b)(2)*]. | 1/12/2015 |
| | DEADLINE for Setting Motion for a Change in Trial Date [See *KCLCR 40(e)(2)*]. | 1/12/2015 |
| | DEADLINE for Discovery Cutoff [See *KCLCR 37(g)*]. | 3/2/2015 |
| | DEADLINE for Engaging in Alternative Dispute Resolution [See *KCLCR 16(b)*]. | 3/23/2015 |
| | DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See *KCLCR 4(j)*]. | 3/30/2015 |
| √ | DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)]. | 3/30/2015 |
| | DEADLINE for Hearing Dispositive Pretrial Motions [See *KCLCR 56; CR 56*]. | 4/6/2015 |
| √ | Joint Statement of Evidence [KCLCR 4(K)] | 4/13/2015 |
| | DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk). | 4/13/2015 |
| | Trial Date [See *KCLCR 40*]. | 4/20/2015 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   2/25/2014                          _Susan J. Craighead_
                                          _____
                                                 PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**
   **A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

**The form is** available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

   **B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

   **C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES
**A. Noting of Motions**
 **Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents:** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

# EXHIBIT C

FEB 2 6 2014

## SUPERIOR COURT OF WASHINGTON
## COUNTY OF KING

Mohammed Siddiqui

VS

University of Washington, David Anders

NO. 14-2-06107-2 SEA

CASE INFORMATION COVER SHEET
AND AREA DESIGNATION

### CAUSE OF ACTION

**(TTO) -**    TORT, OTHER (MSC 2)

### AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all
of Interstate 90 right of way, all of the cities of Seattle, Mercer
Island, Issaquah, and North Bend, and all of Vashon and Maury
Islands.

# EXHIBIT D

FEB 26 2014

IN THE KING COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON

| Mohammed Siddiqui, | | No. 14-2-06107-2 SEA |
| | Plaintiff, | SIDDIQUI'S FIRST AMENDED |
| vs. | | COMPLAINT: JOB |
| University of Washington, a state agency, | | DISCRIMINATION AND |
| | Defendant, | VIOLATION OF |
| David Anderson, an individual, | Defendant | CONSTITUTIONAL RIGHTS |
| Keith Vogel, an individual | Defendant | |

Comes now plaintiff, Mohammed Siddiqui, by and through his counsel, who makes alleges as follows:

## I. PARTIES AND JURISDICTION

1.  Plaintiff Mohammed Siddiqui ("Siddiqui") is a US citizen and resident of King County, Washington.  He was employed by the State at all material times in its classified service, as comprehended by RCW 41.06.020 at University of Washington at their National Primate Research Center.

2.  Defendant University of Washington ("UW") is a unit of state government created by RCW 28B.20,  operating institutions of higher learning and scientific research headquartered in Seattle, King County, Washington.  UW operates the National Primate Research Center from facilities within Seattle, King County, Washington.  UW is an employer of eight or more individuals as comprehended by RCW 49.60.040.  UW is an agency of State government as comprehended by RCW 41.06.020(2) and subject to the civil service requirements set forth in RCW 41.06.

3. INDIVIDUAL DEFENDANTS.

Siddiqui's Amended Complaint-1

MICHAEL A. JACOBSON, PS. Inc.
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

1    A.  Defendant David Anderson is UW's Executive Director of Health Sciences

2    Administration and Director of the Washington National Primate Research Center.  (NPRC)

3    Anderson acted in the interest of employer UW as comprehended by RCW 49.60.040

4    B.  Defendant Keith Vogel is a UW NPRC veterinarian and supervisor of Siddiqui in

5    the performance of surgery center and other activities.   Vogel acted in the interest of employer

6    UW as comprehended by RCW 49.60.040

7    4.  Siddiqui executed on April 3 2013 and delivered to the Washington State Risk Management

8    Division a Standard Tort Claim Form SF 210.  Siddiqui has exhausted administrative

9    remedies..   The acts complained of occurred in King County Washington.  The University is

10   subject to this Court's jurisdiction.  Venue is proper in King County pursuant to RCW 4.12.025.

## II.  FACTS AND CIRCUMSTANCES

*The following factual allegations are not intended as exhaustive, but are written solely to*

*provide notice to the defendant of the general nature of the claims against it.*

5.  Plaintiff is an ethnic Indian and of Indian origin and birth and his date of birth  is June 16,

1949.  Siddiqui was hired by UW in May, 1991.  He progressed over the course of the next 21

years to the level of class 3 veterinary specialist.  Siddiqui's assignment was to maintain animals

housed at UW's Washington National Primate Research Center ("NPRC");  support all surgical

and non-invasive scientific research projects or other clinical care of the animals; maintain

equipment, and collect samples.   Siddiqui met or exceeded the employer's expectations.

6.  Siddiqui was disadvantaged in comparison with whiter, younger, and ethnically North

American NPRC coworkers in his reduced work hours, reduced retention, reduced training,

excessive penal sanctions, and reduced civil service protections.

7.  On 29 October 2012, research primate Z12336 was slow to awaken during the first 3 hours

after hernia surgery.   A surgical team composed of information technology personnel and

MICHAEL A. JACOBSON, PS. Inc.
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

1    veterinary specialists, including Siddiqui,  working under the supervision of the staff veterinary

2    surgeon had combined that morning to sedate the patient with intra-muscular anesthetic, inhaled

3    anaesthesia , and intramuscular analgesics.   An unlicensed technology officer had cut open,

4    surgically manipulated, then sewed up the patient.

5    8.    The staff veterinarian responsible for the animal's safety reported to defendant Anderson a

6    complaint against Siddiqui's conduct in the operating theater that day.

7    9.    On the basis of information and belief acquired through public records disclosed  in the fall

8    of 2013, the accusation against Siddiqui asserted that he corruptly altered  drug records so as to

9    disguise his misconduct overdosing animal z12336.

10    10.    Such  accusations were materially false and misleading.

11    11.    Such accusations are materially exaggerated in the sense that younger, caucasian and

12    ethnically American employees have retained their job in spite of delivering lethal overdoses of

13    drugs causing the deaths of  test animals.

14    12   Upon information and belief the false and misleading accusations were relied upon by

15    defendant Anderson in 2012

16    11.    A note dated 31 October 2012 was left for Siddiqui asking him to visit the office and speak

17    with the NPRC director David Anderson on the morning of 1 November 2012. Upon arrival,

18    the UW managers assembled by director Anderson told Siddiqui we've decided to fire you for a

19    a safety and  integrity issue;  I can't trust you. Or you can submit a resignation to avoid

20    embarrassment.

21    12.    Siddiqui assured his UW managers he had no idea what was involved but that he'd done

22    nothing remotely like what was accused.  Siddiqui said he needed to speak to a legal advisor to

23    understand his options.  Anderson responded that if Siddiqui left the room or consulted an

24    advisor, an immediate termination would be effected.

25

MICHAEL A. JACOBSON, PS. Inc.
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

13. Director Anderson's directive prohibited Siddiqui's continued employment and offered instead alternative means of ending his civil service career;

14. A 21-year employee in the classified civil service. The state code conferred a property interest in Siddiqui's continued employment

15. WAC 357-52; WAC 357-40 and A.R 43.16 provide Washington's tenured civil servants a pre-dismissal right to contest a proposed termination, with the assistance of an advisor of choice.

16 Anderson's directive to select alternative means of becoming unemployed did not furnish Siddiqui notice of the evidence relied upon to precipitate Siddiqui's unemployment.

17  The option to become unemployed by resignation was conditioned upon Siddiqui surrendering his right to consult counsel or become educated about his legal options or become educated about the government evidence of wrongdoing or rebut it.

18  WAC 357-040  provides Washington's tenured civil servants with the right to written notice of dismissal charges.  Anderson's directive to select from alternative means to become unemployed excluded written notice to Siddiqui of what safety or integrity accusations were made by whom on the basis of what data.

19  WAC 357-040  provides Washington tenured civil servants with the right to appeal termination in a contested hearing.  Anderson's directive to select from alternative means to become unemployed excluded written or oral notice that dismissal would preserve Siddiqui's civil service appeal rights.

20. Anderson's directive to choose among alternative means of becoming unemployed under time pressure disguised from Siddiqui exculpatory facts contained within the accuser's report of events occurring 29 October.

21 Furnished  no meaningful option to remain employed,  threatened with a permanent

MICHAEL A. JACOBSON, PS. Inc.
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

1   government record of stigmatizing accusations  should he pursue legal redress, Siddiqui felt he

2   had no choice but to  resign.

3   22. Director Anderson told him that a resignation must be delivered immediately, saying it is

4   effective immediately;  Siddiqui sent a message in that form.

5   23.   The UW managers disadvantaged Siddiqui in comparison with younger and whiter and

6   ethnically more American employees when stripping from Siddiqui his protections against

7   deprivations of his government employment.

8   24.  After 70 days of reflection, Siddiqui notified UW administrators that his opportunity to

9   contest the threatened dismissal action had been thwarted; that his resignation was coerced; and

10   therefore it was withdrawn  so as to re-start the formal process.

11   25.  Anderson responded, citing official policy of the University,  that UW refused to rescind or

12   permit withdrawal or cure the defects pointed out by Siddiqui.

13   ### III.  LEGAL THEORIES

14   ### FIRST CLAIM: DEPRIVATION OF CONSTITUTIONAL RIGHTS

15   26.  Individual Defendants' actions violated Amendment XIV procedural due process in

16   violations of 42 USC 1983, having deprived Siddiqui of presumptively continuing government

17   employment without furnishing a meaningful pre-dismissal opportunity to know and rebut the

18   evidence against him or discover the exculpatory evidence or secure an unbiased audience

19   connected with the employer's unjustified accusations.

20   27.  Individual Defendants deprived Siddiqui of his Amendment XIV property  without post-

21   termination due process in violation of 42 USC 1983.

22   28.   By standard procedure or official policy Individual Defendants ratified the summary

23   deprivations of Siddiqui's government  property in violation of constitutional rights in spite of

24   Siddiqui's protests and requests to restart the process.

25

MICHAEL A. JACOBSON, PS. Inc.
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

29.   Individual defendants' actions under color of law in violation of 42 USC 1983 deliberately penalized Siddiqui's First Amendment right to access legal counsel and the legal process to redress matters of public concern involving government discrimination and unconstitutional action.

30    Individual Defendants acted under color of law or pursuant to standard or official procedures, to deprive Siddiqui of 14th Amendment Equal Protection of Laws.

31.  As a direct result of Individual Defendants' action, Siddiqui has been deprived of constitutional rights, and experienced financial loss, job and career loss, emotional pain, fear, and anxiety.

## SECOND CLAIM:   WASHINGTON LAW AGAINST DISCRIMINATION

32.   Defendant furnished Siddiqui comparatively disadvantageous employment terms, terminated his employment, and/or dictated employment terms which left Siddiqui no meaningful opportunity to remain employed in violation of RCW 49.60.180 because of age, ethnic heritage, and/or foreign origin.

33.   Defendants explicitly penalized Siddiqui's access to counsel and the legal process to protest unlawful conduct in violation of RCW 49.60.210.

34. The Defendants' unfair practices proximately caused damage to Siddiqui including without limitation: lost wages and fringes, financial loss, job and career loss, emotional pain, fear, and anxiety actual damage,   garden variety emotional distress, and diminished earning capacity

## IV.   REQUEST FOR RELIEF

35.     Wherefore Plaintiff prays for relief, including:

a. The damages pled in the complaint;

b. for equitable relief, awarding to Siddiqui a 14th Amendment pre-dismissal hearing and, if necessary, a further 14th Amendment post-dismissal appeal hearing to adjudicate the deprivation of his rights; and an award of 42 USC 1988 reasonable counsel fees;

MICHAEL A. JACOBSON, PS. Inc.
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

c.  for equitable relief awarding to Siddiqui interim reinstatement    with restoration of status and all employment benefits plaintiff would have earned were it not for unconstitutionally biased or retaliatory conduct;

d.  compensation for garden variety emotional distress, including pain, anxiety, and fear in amounts to be proven at trial.

e.  for back pay, including fringes;

f.  for actual damage;

g.  for pre-judgment interest on liquidated amounts of loss;

h.  for costs of suit, including copying and expert charges;

i.  for reasonable counsel fees pursuant to RCW 49.60.030(2), RCW 49.48.030, 42 USC 1988; equity, statute, court rule, or common law;

j.  for an award gross up to offset the added tax burden imposed upon prevailing plaintiff by, among other factors, bracket creep or construct trust or alternative minimum tax;

k.  for such further relief as the court deems just.

DATED this 24th day of February, 2014

_____

Michael A. Jacobson, Attorney for plaintiff, WSB#13135
Michael A Jacobson, PS Inc
119 - 1st Ave. S., #200
Seattle, Washington 98104
Tel. 206 447 1560; Fax 206 447 1523

MICHAEL A. JACOBSON, PS. Inc.
SUITE 200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH ● SEATTLE, WA 98104
PHONE (206) 447-1560 ● FAX (206) 447-1523

# EXHIBIT E

1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
8
IN AND FOR THE COUNTY OF KING

9

MOHAMMED SIDDIQUI,
10
                           No.  14-2-06107-2 SEA
                Plaintiff,
11
                           *AMENDED* NOTICE OF
       v.                      APPEARANCE FOR DEFENDANTS
12
                           UNIVERSITY OF WASHINGTON,
UNIVERSITY OF WASHINGTON, a        DAVID ANDERSON AND KEITH
13
State agency, and DAVID ANDERSON,    VOGEL
an individual, and KEITH VOGEL, an
14
individual,
                           **(Clerk's Action Required)**
15
                Defendants.

16

17
**TO:**       MOHAMMED SIDDIQUI, Plaintiff

18
**AND TO:**   MICHAEL A. JACOBSON, Attorney for Plaintiff

19
**AND TO:**   THE CLERK OF THE ABOVE-ENTITLED COURT

20
        YOU, AND EACH OF YOU, WILL PLEASE BE ADVISED that the undersigned
21
appears as attorney of record for Defendants UNIVERSITY OF WASHINGTON, a State
22
Agency, DAVID ANDERSON, an individual, and KEITH VOGEL, an individual.
23
Defendants UNIVERSITY OF WASHINGTON, DAVID ANDERSON and KEITH
24
VOGEL, without waiving any defects as to lack of jurisdiction over subject matter, lack of
25
jurisdiction over person, improper venue, insufficiency of process, insufficiency of service
26
of process, misjoinder or nonjoinder, hereby request that any and all further pleadings or
27

*AMENDED* NOTICE OF APPEARNCE - 1
1010-018/85844

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  notices of any nature or kind whatsoever affecting the rights of said parties, except original

2  process, be served upon the undersigned attorneys at the address stated below.

3          DATED:  February 27, 2014

4
                                    KEATING, BUCKLIN & McCORMACK,
5                                   INC., P.S.

6

7                                   By: s/ Jayne L. Freeman

8                                      Jayne L. Freeman, WSBA #24318
                                    Special Assistant Attorney General for
9                                   Defendants University of Washington,
                                    David Anderson and Keith Vogel
10
                                    800 Fifth Avenue, Suite 4141
11                                  Seattle, WA  98104-3175
                                    Phone: (206) 623-8861
12                                  Fax:    (206) 223-9423
                                    Email: jfreeman@kbmlawyers.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

AMENDED NOTICE OF APPEARNCE - 2
1010-018/85844

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

## DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that on February 27, 2014, a true and correct copy of the foregoing document was served upon the parties listed below via U.S. first class mail with a courtesy copy sent via email as follows:

**Attorneys for Plaintiff**

Michael A. Jacobson
Attorney at Law
119 First Avenue South, Suite 200
Maynard Building
Seattle, WA 98104
mike@mikejacobsonlaw.com

DATED this 27th day of February, 2014, at Seattle, Washington.

Lynn Van Eyck, Legal Assistant

*AMENDED* NOTICE OF APPEARNCE - 3
1010-018/85844

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

# EXHIBIT F

IN THE KING COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON

Mohammed Siddiqui,

                Plaintiff,

vs.

University of Washington, a state agency,

                Defendant ,

David Anderson, an individual Defendant

Keith Vogel, an individual, Defendant

No. 14-2-06107-2 SEA

Acceptance of service

RE:    Defendant University of Washington
RE:    Defendant David Anderson
RE:    Defendant Keith Vogel

In conformity with Civil Rule 4g, original service of process is admitted and accepted this 26 day of February 2014 on behalf of the defendants whose authorized signatures are below.

Defendant University of Washington /
Authorized agent

Defendant David Anderson / his authorized agent    2/27/14

Keith Vogel / his authorized agent    2/27/14

MICHAEL A. JACOBSON

SUITE 200 MAYNARD BUILDING

119 FIRST AVENUE SOUTH • SEATTLE, WA 98104

PHONE (206) 447-1560 • FAX (206) 447-1523

# EXHIBIT G

The Honorable Julie Spector

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

MOHAMMED SIDDIQUI,

                            Plaintiff,

        v.

UNIVERSITY OF WASHINGTON, a State
agency, DAVID ANDERSON, an
individual, and KEITH VOGEL, an
individual,

                            Defendants.

No. 14-2-06107-2 SEA

DEFENDANTS' NOTICE OF FILING
NOTICE OF REMOVAL TO U.S.
DISTRICT COURT FOR THE
WESTERN DISTRICT OF
WASHINGTON

**(Clerk's Action Required)**

TO:         MOHAMMED SIDDIQUI, Plaintiff

AND TO:     MICHAEL A. JACOBSON, M.A. Jacobson, P.S., Inc., Plaintiff's Counsel

AND TO:     THE CLERK OF THE COURT

        PLEASE TAKE NOTICE that on March 10, 2014, Defendants University of

Washington, David Anderson and Keith Vogel filed a Notice of Removal of Action to

Federal Court with the United States District Court for the Western District of Washington

at Seattle.  Attached as Exhibit A is a true and correct copy of the Defendants' Notice of

Removal, without exhibit.

///

///

///

NOTICE OF FILING NOTICE OF REMOVAL - 1
14-2-06107-2 SEA
1010-018/87558.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

2          YOU ARE ALSO ADVISED that this Court shall proceed no further unless and

3    until the case is remanded, pursuant to 28 U.S.C. § 1446(d).

4    DATED:  March 10, 2014

5                                              KEATING, BUCKLIN & McCORMACK,
                                               INC., P.S.
6

7                                              By: _____

8                                                 Jayne L. Freeman, WSBA #24318
                                                  Brian C. Augenthaler, WSBA #44022
9                                                 Special Assistant Attorneys General for
                                                  Defendants
10

11                                             800 Fifth Avenue, Suite 4141
                                               Seattle, WA  98104-3175
12                                             Phone: (206) 623-8861
                                               Fax:    (206) 223-9423
13                                             Email: baugenthaler@kbmlawyers.com
                                               Email: jfreeman@kbmlawyers.com
14

15

16

17

18

19                        .

20

21

22

23

24

25

26

27

NOTICE OF FILING NOTICE OF REMOVAL - 2
14-2-06107-2 SEA
1010-018/87558.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX:  (206) 223-9423

## DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the State of Washington that on March 10, 2014, a true and correct copy of the foregoing document was served upon the parties listed below via the method indicated:

**Attorneys for Plaintiff**

Michael A. Jacobson
M. A. Jacobson, P.S., Inc.
119 First Avenue South, Suite 200
Seattle, WA 98104
Email: mike@mikejacobsonlaw.com

☒ E-mail
☐ United States Mail
☐ Legal Messenger
☐ Other Agreed E-Service

DATED this 10th day of March, 2014, at Seattle, Washington.

Cathy Hendrickson, Legal Assistant

NOTICE OF FILING NOTICE OF REMOVAL - 3
14-2-06107-2 SEA
1010-018/87558.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

# EXHIBIT A

1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT
8                         WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE
9   MOHAMMED SIDDIQUI,
                                                    No.
10                              Plaintiff,
                                                    NOTICE OF REMOVAL
11        v.
                                                    (King County Cause No. 14-2-06107-2
12   UNIVERSITY OF WASHINGTON, a State              SEA)
     agency, DAVID ANDERSON, an
13   individual, and KEITH VOGEL, an
     individual,
14
                                Defendants.
15

16   TO:        THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
17              WESTERN DISTRICT OF WASHINGTON AT SEATTLE

18   AND TO:    MOHAMMED SIDDIQUI, Plaintiff

19   AND TO:    MICHAEL A. JACOBSON, M.A. Jacobson, P.S., Inc., Plaintiff's Counsel

20        Defendants the University of Washington, David Anderson, and Keith Vogel, by

21   and through their attorneys of record, pursuant to the provisions of 28 U.S.C. §§1441 and

22   1446, hereby request this matter be removed to this federal court.

23        This Court has original jurisdiction of this lawsuit under 28 U.S.C. §1331.  The

24   lawsuit was initially filed in King County Superior Court, as Cause No. 14-2-06107-2-SEA,

25   February 24, 2014.  Plaintiff's Complaint was served on the University of Washington on

26   February 11, 2014, and Defendants' attorney accepted service of Plaintiff's First Amended

27   Complaint on behalf of all Defendants on February 26, 2014.

DEFS' NOTICE OF REMOVAL - 1

1010-018/66438.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1       This case is subject to removal because Plaintiff's First Amended Complaint alleges

2   violations of the Fourteenth Amendment to the United States Constitution against

3   Defendants Anderson and Vogel, and seeks recovery under 42 U.S.C. § 1983.   *See,*

4   *Siddiqui's First Amended Complaint:  Job Discrimination and Violation of Constitutional*

5   *Rights.*  A true and correct copy of Plaintiff's First Amended Complaint is attached hereto

6   as Exhibit A.

7       This case is properly removed to the United States District Court as the Plaintiff has

8   filed a suit in a county superior court within the geographical area embraced by the U.S.

9   District Court for the Western District of Washington, and Plaintiff has alleged claims

10   arising from alleged violation of federal civil rights in this civil action.

11   DATED:  March 10, 2014

12                           KEATING,  BUCKLIN  &  McCORMACK,

13                           INC., P.S.

14

15                           By:

16                               Jayne L. Freeman, WSBA #24318

17                               Brian C. Augenthaler, WSBA #44022
                        Special Assistant Attorneys General for
                        Defendants

18

19                           800 Fifth Avenue, Suite 4141
                        Seattle, WA  98104-3175

20                           Phone: (206) 623-8861
                        Fax:    (206) 223-9423

21                           Email: baugenthaler@kbmlawyers.com
                        Email: jfreeman@kbmlawyers.com

22

23

24

25

26

27

DEFS' NOTICE OF REMOVAL - 2

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on March 10, 2014, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to

4   the following:

5   **Attorneys for Plaintiff**

6
   Michael A. Jacobson
7   M.A. Jacobson, P.S., Inc.
   119 First Avenue South, Suite 200
8   Seattle, WA  98104
   Email:  mike@mikejacobsonlaw.com
9

10   DATED:  March 10, 2014

11

12

13   Jayne L. Freeman, WSBA #24318
   800 Fifth Avenue, Suite 4141
14   Seattle, WA  98104-3175
   Phone: (206) 623-8861
15   Fax:    (206) 223-9423
   Email: jfreeman@kbmlawyers.com
16

17

18

19

20

21

22

23

24

25

26

27

DEFS' NOTICE OF REMOVAL - 3

1010-018/86438.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX:  (206) 223-9423